BALAKLALA CONSOL. COPPER CO. v. WHITSETT.

(Circuit Court of Appeals, Ninth Circuit. March 18, 1915.)

No. 2419.,

1. PLEADING ⬦64—DUPLICITY—SEPARATE CAUSES OF ACTION.

A complaint for personal injuries to an employé, which charges in one count that the master was negligent in failing to provide a safe place to work, and in failing to provide a careful and competent man to locate missing shots after blasts, does not state two causes of action in the same count.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 134–137; Dec. Dig. ⬦64.]

2. PLEADING ⬦369—MOTIONS—MISJOINDER OF CAUSES OF ACTION—ELECTION.

Where there was an improper joinder of causes of action in one count, which plaintiff could have stated in separate counts, and could have had both submitted to the jury, plaintiff cannot at the trial be compelled to elect as to which he will rely on, and thereby lose the benefit of the other.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. ⬦369.]

3. TRIAL ⬦260—INSTRUCTIONS—REQUEST—REPETITION OF GIVEN INSTRUCTION.

Where the instructions given correctly and adequately cover the feature of the case concerning which instructions were requested, it was not error to refuse the requests.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⬦260.]

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action by Fred Whitsett against the Balaklala Consolidated Copper Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. H. Wilson, of San Francisco, Cal., for plaintiff in error.

William M. Cannon, of San Francisco, Cal., and C. S. Jackson, of Roseburg, Or., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This is an action instituted by Fred Whitsett to recover damages for personal injuries sustained by him on account of the alleged negligence of the defendant, the plaintiff in error here. The plaintiff obtained a verdict and judgment, from which a writ of error is prosecuted.

The case was joined for trial in the court below with the case of Reardon, Administrator, just decided here under the title of Balaklala Consolidated Copper Company v. J. E. Reardon, Administrator, etc., 220 Fed. 584, 136 C. C. A. 186. The facts being the same in both cases, we adopt, therefore, the statement of the facts made in the opinion rendered in that case, except in this the plaintiff was injured, while in that the injury resulted in death.

Points 1, 3, 4, 5, and 6 made by counsel in their brief are fully disposed of in the Reardon Case, and need no further examination here.

[1] The second point insisted upon relates to the alleged joining of two causes of action in one count, and in the refusal of the trial court to require the plaintiff to elect as to which of said causes he would proceed to trial upon. The complaint charges negligence in two particulars, namely, failure to provide a safe place for plaintiff to do his work, and failure to provide a careful and competent man for locating and reporting missed shots after blasts. A demurrer was interposed to the complaint on the ground that it contained two causes of action improperly united. This was overruled, and no assignment of error is based upon such ruling; but when the jury was impaneled the motion to elect was made and denied, and this is assigned as error.

[2] At most the defendant was entitled to have the two alleged causes stated separately—that is, in separate counts—and if so stated the plaintiff would have been entitled to proceed to trial on both counts, and to take the verdict of the jury concerning them. We do not say that such is the law, for we are impressed that it was proper, under the conditions present, to join the causes as found in the complaint. But, if there was an improper joinder, it would have been manifestly unfair, at that stage of the proceeding, to compel the plaintiff to elect and thereby deprive him of one of his causes of action. The motion, therefore, was properly denied.

[3] The seventh point relates to the refusal of the court to give requested instructions touching Yokum's unreliability for discharging

the duties in the station to which he was assigned by defendant; but from a careful examination of the instructions given it appears that this feature of the case was adequately and correctly covered by the court.

Affirmed.